## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN SOLAK, derivatively on behalf of ENOCHIAN BIOSCIENCES INC., <br><br> Plaintiff, <br><br> v. <br><br> SERHAT GÜMRÜKCÜ, RENE SINDLEV, MARK DYBUL, GREGG ALTON, CAROL BROSGART, HENRIK GRØNFELDT-SØRENSON, JAYNE MCNICOL, and JAMES SAPIRSTEIN, <br><br> Defendants, <br><br> and <br><br> ENOCHIAN BIOSCIENCES INC., <br><br> Nominal Defendant. | Case No. 1:23-cv-00065-GBW |

**STIPULATION AND [PROPOSED] ORDER TO STAY DERIVATIVE ACTION**

Plaintiff John Solak ("Plaintiff"), derivatively and on behalf of Enochian Biosciences Inc. ("Enochian"), Defendants Rene Sindlev, Mark Dybul, Gregg Alton, Carol Brosgart, Henrik Grønfeldt-Sørenson, Jayne McNicol, and James Sapirstein (the "Stipulating Individual Defendants") and Nominal Defendant Enochian (together with the Stipulating Individual Defendants, the "Stipulating Defendants," and together with Plaintiff, the "Stipulating Parties") jointly submit this Stipulated Order to Stay Derivative Action ("Stipulation") and in support thereof state as follows:

WHEREAS, on June 3, 2022, Plaintiff sent Enochian a demand under Section 220 of the Delaware General Corporation Law, 8 *Del. C.* § 220 ("Section 220");

WHEREAS, between June 3, 2022 and November 23, 2022, Enochian and Plaintiff negotiated the production of nearly 1,500 pages of documents and a privilege log in response to Plaintiff's Section 220 demand;

WHEREAS, Plaintiff filed the above-captioned action (the "Derivative Litigation") purportedly in the right of, and for the benefit of, Enochian against the Stipulating Individual Defendants and Defendant Serhat Gümrükcü (together, the "Individual Defendants") seeking to remedy the Individual Defendants' alleged breach of fiduciary duties, gross mismanagement, and unjust enrichment that have allegedly occurred and have allegedly caused substantial harm to Enochian;

WHEREAS, the complaint filed in the Derivative Litigation included numerous allegations based on documents produced in response to Plaintiff's Section 220 demand;

WHEREAS, pending before the United States District Court of the Central District of California is *Albert Chow v. Enochian Biosciences Inc., et al.*, Case No. 8:22-cv-01374-JWH-JDE (the "Securities Litigation");

WHEREAS, there is substantial overlap between the facts and circumstances alleged in the Derivative Litigation and the Securities Litigation, including the relevance of many of the same documents and witnesses;

WHEREAS, the Stipulating Defendants are also defendants in the Securities Litigation, together with Evelyn D'An and Luisa Puche (collectively, the "Federal Securities Litigation Defendants");

WHEREAS, a motion seeking appointment of a lead plaintiff and approval of class counsel is pending in the Securities Litigation and that court has approved the parties' stipulation to extend the deadline to respond to the complaint pending the Court's appointment of a lead plaintiff and approval of class counsel, 8:22-cv-01374-JWH-JDE, D.I. 30;

WHEREAS, upon the appointment of a lead plaintiff in the Securities Litigation, it is anticipated that the lead plaintiff will file a consolidated class action complaint alleging, *inter alia*, that the Federal Securities Litigation Defendants violated the Securities Exchange Act of 1934;

WHEREAS, upon the filing of the consolidated class action complaint in the Securities Litigation, the Federal Securities Litigation Defendants anticipate filing a motion to dismiss for failure to state a claim;

WHEREAS, in order to ensure economy of time and effort for the Court, for counsel, and for litigants, the Stipulating Parties have conferred regarding the Derivative Litigation and have agreed that, in light of the overlap between the Derivative Litigation and the Securities Litigation, and in light of the stay of proceedings that the Stipulating Parties anticipate will commence by operation of law upon the filing of a motion to dismiss in the Securities Litigation, that the Derivative Litigation should be voluntarily stayed on the terms set forth below unless and until either (1) the Securities Litigation is dismissed, with prejudice, by this Court, and all appeals related thereto have been exhausted; or (2) the anticipated motion to dismiss the Securities Litigation is denied, and the PSLRA stay dissolves as a matter of law; or (3) any of the Stipulating Parties gives a ten (10) day notice that he, she, or it no longer consents to the voluntary stay of the Derivative Litigation.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by the Stipulating Parties through their respective counsel of record, subject to the approval and order of the Court, as follows:

1. All proceedings in the Derivative Litigation, including all deadlines, hearings, conferences, and Stipulating Defendants' deadline to respond to the complaint, are stayed until the resolution of the forthcoming motion to dismiss in the Securities Litigation or such time as agreed between the Stipulating Parties, or as otherwise ordered by the Court.

2. The Stipulating Parties agree that unless otherwise ordered by the Court, the terms of this Stipulation shall apply to shareholder derivative actions later instituted in, or transferred to, this Court that involve similar or related claims, or that are otherwise deemed related to this

Derivative Litigation.  The Stipulating Parties agree that when a shareholder derivative action that properly belongs as part of this Derivative Litigation is hereinafter filed in this Court or transferred to this Court, counsel for Plaintiff shall serve and file an endorsed copy of this Order upon attorneys for plaintiff(s) in the newly-filed or transferred action.  The Stipulating Parties agree that counsel for Plaintiff shall also advise the attorneys for any plaintiff in any such newly-filed or transferred shareholder derivative action that those attorneys must serve a copy of this Order on any new defendant(s) and file proof of service of this pre-trial Order with the Court.  The Stipulating Parties agree that any objections to consolidation or application of the other terms of this Order to the newly filed shareholder derivative case shall be filed with the Court promptly, with a copy served on counsel for Plaintiff and on all Defendants.  Unless otherwise ordered by the Court, the Stipulating Parties agree that the terms of all orders, rulings, and decisions shall apply to all later related shareholder derivative actions instituted herein.

3. The Stipulating Parties agree that if the plaintiff in any related derivative lawsuit refuses to agree to a stay under similar terms, Plaintiff may lift the agreed stay upon ten (10) days' notice in writing to the undersigned counsel for the Stipulating Defendants via email.

4. The Stipulating Parties agree that during the pendency of this stay, the Stipulating Defendants shall inform Plaintiff promptly upon the scheduling of any mediation or settlement negotiations with the plaintiffs in the Securities Litigation, and shall make a good faith effort to include Plaintiff in any mediation or settlement negotiations with the plaintiffs in the Securities Litigation.  In the event that the Stipulating Defendants' good faith efforts do not result in including Plaintiff in the mediation or settlement negotiations with plaintiffs in the Securities Litigation, then the Stipulating Defendants agree to mediate with Plaintiff in the Derivative Litigation within one week of any mediation in the Securities Litigation.  The Stipulating Parties further agree that the Stipulating Defendants shall inform Plaintiff promptly upon the scheduling of any mediation or

settlement negotiations with any other derivative plaintiffs who have asserted claims substantially similar to the claims asserted by Plaintiff herein, and shall include Plaintiff in any such mediation or settlement negotiations.

5.     The Stipulating Parties agree that notwithstanding this stay of this Derivative Litigation, Plaintiff may file an amended complaint, although the Stipulating Defendants shall be under no obligation to move, answer, plead, or otherwise respond to the amended complaint during the pendency of the stay.

6.     This Derivative Litigation shall be stayed, and no Case Management Order issued, upon the Court's so-ordering this Stipulation as an Order of the Court.

7.     Upon occurrence of any of (1) the dismissal of the Securities Litigation, with prejudice, and exhaustion of all appeals related thereto; or (2) the denial of any motion to dismiss the Securities Litigation filed by the Federal Securities Litigation Defendants; or (3) any of the Stipulating Parties to this Stipulation having provided a ten (10) day notice that they no longer consent to the voluntary stay of the Derivative Litigation, then the Stipulating Parties shall notify the Court within fifteen (15) court days and shall, within thirty (30) court days, meet and confer and submit to the Court a proposed scheduling order governing further proceedings in the Derivative Litigation.

8.     Stipulating Defendants shall notify Plaintiff should they become aware of any stockholder derivative lawsuit or pre-suit books-and-records inspection demands regarding the same allegations made in the Derivative Litigation (each such derivative lawsuit or pre-suit books-and-records inspection demand being a "Related Derivative Action"). After the stay is lifted, the Stipulating Defendants agree not to move to stay the Derivative Litigation in deference to any Related Derivative Action. Except as provided in this paragraph, nothing shall prevent the

Stipulating Defendants from moving to stay the Derivative Litigation on other grounds, and nothing shall prevent Plaintiff from opposing such a motion, in the event the stay is lifted.

9. During the pendency of the stay, the Stipulating Defendants shall produce to Plaintiff copies of any documents, written discovery, and deposition transcripts that the Stipulating Defendants have produced or otherwise provided (including in connection with any pre-suit books-and-records inspection demand relevant to the allegations in the Derivative Litigation), to lead plaintiff(s) in the Securities Litigation or any Related Derivative Action, or to any Enochian stockholder who made a pre-suit books-and-records inspection demand regarding the same allegations made in this Derivative Litigation, provided, however, that during the pendency of the stay, Plaintiff will not use any such materials provided by the Stipulating Defendants for any purpose besides settlement discussion and that, at all times, unless a derivative action is subsequently filed that refers to or otherwise makes use of the same or similar materials, Plaintiff will not use such materials for the purpose of amending the Derivative Litigation complaint. Plaintiff further agrees that any such production pursuant to this paragraph will be made by the Stipulating Defendants only subject to an appropriate confidentiality agreement and/or protective order that is no less protective than that governing the prior production of such materials, including a protective order in the Securities Litigation or confidentiality agreement governing any books-and-records inspection.

| | |
|---|---|
| OF COUNSEL:<br><br>Patrick E. Gibbs<br>Matthew D. Martinez<br>Peter J. Brody<br>COOLEY LLP<br>3175 Hanover Street<br>Palo Alto, CA 94304-1130<br>(650) 843-5000 | /s/ *Michael A. Barlow*<br>Michael A. Barlow (#3928)<br>ABRAMS & BAYLISS LLP<br>20 Montchanin Road, Suite 200<br>Wilmington, DE 19807<br>(302) 778-1000<br><br>*Attorneys for Defendants Rene Sindlev, Mark Dybul, Gregg Alton, Carol Brosgart, Henrik Grønfeldt-Sørenson, Jayne Mcnicol, James Sapirstein, and Enochian Biosciences Inc.* |
| OF COUNSEL:<br><br>Jeffrey M. Norton<br>Benjamin D. Baker<br>NEWMAN FERRARA LLP<br>1250 Broadway, 27th Fl.<br>New York, NY  10001<br>(212) 619-5400<br><br>Dated: April 4, 2023 | /s/ *Blake A. Bennett*<br>Blake A. Bennett (#5133)<br>COOCH AND TAYLOR, P.A.<br>The Nemours Building<br>1007 N. Orange St., Suite 1120<br>Wilmington, DE 19801<br>(302) 984-3800<br><br>*Attorneys for Plaintiff John Solak* |

SO ORDERED this _____ day of _____, 2023.

_____
Judge Gregory B. Williams